UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA MAGILL,

    Plaintiff,

v.                                                       CASE No. 8:08-CV-878-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.* Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-four years old at the time her insured status expired and who has one year of college, has worked primarily as a psychiatric aide (Tr. 22, 440). She filed a claim for Social Security disability

---

*The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

benefits, alleging that she became disabled due to depression, attention deficit disorder, and high blood pressure (Tr. 73, 100). The claim was denied initially and on reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge (Tr. 61). The law judge found that the plaintiff suffers from severe impairments of depression and anxiety (Tr. 24). Moreover, the law judge determined that the plaintiff's anxiety meets the requirements of Listing 12.06 so that the plaintiff was presumptively disabled (id.). Specifically, he concluded that "the claimant compulsively drinks water in excess as a result of experiencing anxiety attacks" and that "[t]his results in repeated hospitalizations due to water intoxication and creates marked impairments in the claimant's activities of daily living, social functioning, and concentration" (Tr. 24-25).

However, the law judge also found that the plaintiff suffered from alcohol abuse and prescription drug abuse (Tr. 25). The law judge pointed out that, under the Social Security Act, a claimant may not be found disabled "if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled"

(id.). 42 U.S.C. 423(d)(2)(C). The law judge found that the plaintiff's alcohol and drug abuse is clearly material to the finding that she is disabled (Tr. 25). He gave the following explanation for this conclusion (id.):

> Again, the record clearly indicates that the claimant's anxiety is controlled when she takes her medication in appropriate, prescribed dosages. However, when she abuses her medication, she runs out and anxiety attacks occur. She then requires hospitalization for anxiety and water intoxication. Once she is stabilized and appropriate doses of medication are administered, the claimant improves significantly. For the foregoing reasons, I find that absent alcohol and drug use, the claimant would no longer meet the requirements of Listing 12.06. In summary, I find that the claimant would have severe impairments, regardless of her alcohol and drug use. However, her impairments would no longer meet any of the listings contained in the Listing of Impairments absent her alcohol and drug use.

The law judge subsequently concluded (Tr. 29):

> Accordingly, absent alcohol and drug use, I find the claimant retains the residual functional capacity to perform a wide range of medium work with an occasional limitation for prolonged standing and climbing and an occasional limitation for coping with work stress, concentration on tasks, and interacting with the public. However, she is capable of performing routine repetitive tasks.

The law judge determined that these restrictions prevented the plaintiff from performing her past work (id.). However, based upon the testimony of a vocational expert, the law judge found that work exists in significant numbers in the national economy that the plaintiff could perform, such as wrapping/packaging, assembly, and verifying/recording (Tr. 30). The law judge therefore decided that the plaintiff was not disabled (Tr. 31). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). In this case, in order to receive disability

benefits, the plaintiff must show that she became disabled before her insured status expired on December 31, 2005 (Tr. 22). 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is

the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff states that she challenges the law judge's decision on three grounds (Doc. 21, p. 2). However, only one of the challenges is discussed by the plaintiff. In light of the scheduling Order, the other two purported issues are properly deemed abandoned (Doc. 11, p. 2). The one argument that was developed, which is based on the theme of the law judge's failure adequately to develop the record, is unpersuasive.

The plaintiff argues that the law judge should have obtained additional information from Dr. Benjamin Phen, the plaintiff's primary care physician (Doc. 21, pp. 8, 9). This assertion is predicated upon comments by the law judge that disability forms prepared by Dr. Phen were not in the record. The plaintiff speculates that those forms may go to the asserted issue of whether the alcohol and prescription drug abuse was volitional (id., p. 8).

For several reasons, the forms would not seem to benefit the plaintiff. In the first place, the law judge suggested that the reason the forms were not submitted by the plaintiff (to whom they were apparently handed) is that they "may allude to the claimant's alcoholism and abuse of prescription drugs" and therefore would be unfavorable (Tr. 29). Further, the plaintiff's mental impairment, which is the primary basis for her claim, was treated by Dr. Paul Hartman, a psychiatrist, and not by Dr. Phen, a family practice physician. In addition, the record did contain a timely disability form from Dr. Phen, and he deferred to Dr. Hartman's opinion (Tr. 376).

In light of these circumstances, there is no merit to the plaintiff's contention that the law judge should have recontacted Dr. Phen pursuant to 20 C.F.R. 404.1512(e). Under that regulation, the basic principle for

recontacting the physician is that the evidence received is inadequate for a disability determination. Generally, it is only necessary to recontact a physician if there are gaps in the record. See Gallina v. Commissioner of Social Security, 2006 WL 3028228 (11th Cir. 2006)(unpub. dec.); Johnson v. Barnhart, 2005 WL 1414406 (11th Cir. 2005)(unpub. dec.). As the law judge's decision shows, he obviously did not think that the record was inadequate for him to make a ruling. In other words, there is no apparent gap in the 454-page record. Moreover, there is not even any gap with respect to a form from Dr. Phen, since a timely one is included in the record (Tr. 375).

The plaintiff argues further that the law judge should have relied on a second consultative evaluation (see Tr. 165-68) or the testimony of a medical expert to develop the record in order "to ascertain if the use of alcohol and/or the overuse of prescription drugs was volitional, or the involuntary result of the Plaintiff's mental illness (i.e., anxiety or depression)" (Doc. 21, p. 10). This contention also lacks merit.

In the first place, the plaintiff states no authority for her proposition that voluntariness of alcoholism or drug abuse is a material factor in determining whether the claim for benefits is foreclosed. Importantly, the

plaintiff was instructed in the scheduling Order that her argument had to "identify with particularity the discrete grounds upon which the administrative decision is being challenged," and those grounds "must be supported ... by citations to the governing legal standards" (Doc. 11, p. 2). The plaintiff's contention is not supported by citation to legal authority of any kind. Consequently, the argument is properly deemed abandoned.

Moreover, on its face, the argument appears meritless. As indicated, the Social Security Act precludes an award of benefits "if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. 423(d)(2)(C). There is nothing in this language that indicates that there is an exception if the alcohol or drug addiction is involuntary. And, as indicated, the plaintiff has cited no authority for concluding that there is such an exception.

Even assuming that there could be some extraordinary (and not implausible) circumstances when alcoholism or drug addiction was truly involuntary so as to warrant an exception to §423(d)(2)(C), no such circumstances have been adduced here. Notably, this contention also ignores

that "the claimant bears the burden of proving that [she] is disabled, and, consequently, [she] is responsible for producing evidence in support of [her] claim." Ellison v. Barnhart, supra, 355 F.3d at 1276. This principle is heightened by the requirement of the scheduling Order that requires contentions to "be supported by citations to the record of the pertinent facts" (Doc. 11, p. 2). Notwithstanding this requirement, the plaintiff has pointed to no evidence that demonstrates that the plaintiff's abuse of prescription drugs was involuntary.

Moreover, the evidence establishes the contrary. During the hearing, the law judge had following exchange with the plaintiff (Tr. 447-48):

> Q: Okay. You do admit you have a tendency to overdose on Valium.
>
> A: Yes.
>
> Q: Okay. Well, why's that?
>
> A: I don't know. One doesn't work so I get nervous and take another one.
>
> Q: You have a long history of that don't you?
>
> A: Yes.
>
> Q: It goes way back. Right?

A: Yes.

This line of questioning illustrates that the plaintiff voluntarily overuses her medication.

Importantly, the law judge found that "the record clearly indicates that the claimant's anxiety is controlled when she takes her medication in appropriate, prescribed dosages" (Tr. 25). The plaintiff has not challenged this finding. Under these circumstances, the plaintiff cannot plausibly contend that the prescription drug abuse is an involuntary result of her anxiety. Thus, at the time she abuses her medication, her anxiety is controlled by the medication.

In sum, the suggestion that the plaintiff's drug abuse may be so involuntary that it warrants an exception to 42 U.S.C. 423(d)(2)(C) is meritless. Furthermore, there is clearly no reason to think that any additional development of the record would change that conclusion.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 6th day of July, 2009.

*[signature]*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE